Daniel L. Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff
IHSAN AZIZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHSAN AZIZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALVAREZ & MARSAL HOLDINGS, LLC.,<br>a Corporation doing business in California<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. Discrimination based on Race/National Origin;<br>2. Discrimination based on Religion;<br>3. Harassment based on Race/National Origin;<br>4. Harassment based on Religion;<br>5. Wrongful Termination in Violation of Public Policy;<br>6. Retaliation in violation of FEHA<br><br>**REQUEST FOR PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

**PARTIES**

1. Plaintiff, IHSAN AZIZ, ("Plaintiff") is an adult male and is a resident of California. At all times relevant herein, Plaintiff was employed by Defendant ALVAREZ & MARSAL HOLDINGS, LLC.

2. Defendant ALVAREZ & MARSAL HOLDINGS, LLC. ("Defendant" or "A&M") is a corporation doing business in the State of California. Defendant is incorporated in the State of Delaware, and has its principal place of business located at 600 Madison Avenue 8th Floor, New

1
**COMPLAINT**

York, NY 10022.

**JURISDICTION & VENUE**

3. Personal jurisdiction is proper in this district because all of the plaintiff's claims arise out of defendants' purposeful contacts with the plaintiff in this district, and because the exercise of jurisdiction over the defendants is fair and reasonable.

4. The plaintiff is a citizen if the State of California. The defendant ALVAREZ & MARSAL HOLDINGS, LLC is incorporated in the State of Delaware, and has its principal place of business in New York. The amount in controversy in this action exceeds $75,000. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

5. Venue is proper in the Northern District of California under 28 U.S.C.§1391(b)(2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

7. Plaintiff's race and national origin is Pakistani and his religion is Muslim.

8. Plaintiff started working with Defendant in January 2020 as Info Security Computer Analyst. Plaintiff's annual base salary was around $95,000 and after bonus it was around $103,000.

9. Plaintiff worked from Defendant's Los Angeles, CA office from January 2020 to March 2020. Since March 2020, Plaintiff was asked to work from Defendant's San Francisco office. Plaintiff worked at the San Francisco office till he was terminated on April 9, 2021.

10. Plaintiff's supervisor was Nick Mitropoulos.

11. Mr. Mitropoulos started working for Defendant in or about March 2020.

12. Josh Odom, Assistant Manager / Team Lead have been working for Defendant since 2010.

13. Plaintiff's work Performance reviews were done in or about October 2020. Plaintiff received excellent reviews from management including Mr. Mitropoulos.

14. Mr. Mitropoulos had always been nice to Plaintiff until November 2020 when he found out

that Plaintiff is Muslim/Pakistani.

15. In or about November 2020, Mr. Mitropoulos found out that Plaintiff is Muslim/Pakistani when he discussed Plaintiff's background during one call to him. Mr. Mitropoulos's attitude dramatically changed after that.

16. Shortly afterwards, Mr. Mitropoulos started campaign of harassment toward Plaintiff. Plaintiff routinely was singled out for adverse treatment for even the smallest mistake. Other employees who are not Muslim / Pakistani in the same group were not subject to harassment even though they all had made many bigger mistakes. Mr. Mitropoulos showed favoritism toward Costa Baltas, his fellow Greek. Mr. Mitropoulos hired Costa and passed over Raz, another Muslim / Pakistani, a contractor who had been waiting long time to be hired by SOC.

17. Mr. Mitropoulos asked Mr. Odom to start doing "Quality Reviews" for the tickets "everyone" was working on in their group. In fact, only Plaintiff and another person Raz also Muslim / Pakistani were constantly singled out for baseless accusations of "mistakes" in the ticket. Each time Plaintiff was able to reply and clarify factually that it was not his mistake.

18. On or about February 17, 2021, Mr. Mitropoulos sent Plaintiff a very lengthy email repeating the same exact baseless "mistakes" which Plaintiff had already addressed. Mr. Mitropoulos threatened that he was going to get HR involved soon in a few days.

19. Mr. Mitropoulos was trying to blame Plaintiff for technical issue of a Vendor tool. Plaintiff replied to that email clarifying it was not his fault that the tool was not working. Mr. Mitropoulos had been doing that for quite some time. In this email, Plaintiff also brought up Mr. Mitropoulos's racial and religious prejudice against him.

20. On or about February 18 2021, Plaintiff made a formal complaint including incidents of racism and also against Mr. Mitropoulos's many instructions to plaintiff which did not make logical or technical sense (eg Mr. Mitropoulos's instructions not to run Anti-Virus). This written complaint was made against Mr. Mitropoulos to Claire McCurry HR.

21. On or about February 22, 2021, in an email to Stephanie DeCairano, HR, Plaintiff again complained Mr. Mitropoulos's discrimination and harassment against him. Defendant did not

conduct a thorough investigation. Plaintiff continued to report to Mr. Mitropoulos.

22. On or about April 9, 2021 – Mr. Odom, and another Senior Manager, Mr Youssef Oujdi and Stephanie from HR also joined the call. It was a Zoom / Team conference call. Plaintiff was not informed of the purpose of the meeting prior to it. Plaintiff was terminated in this meeting.

23. Mr. Odom told Plaintiff the main reason of his termination was that he made a "mistake" ie. Plaintiff blocked sender's email - which was a totally a pretext reason because as Analyst whenever a complaint of a suspicious sender was received, the discretion & standard procedure was to block the sender. If later it turns out that the sender is legitimate sender then the sender will be unblocked. In fact, a service ticket was created by the Head of the Talent Group Manager for that Phish sender. Later, the Ticket creator, the Head of Talent admitted her mistake and asked that sender be unblocked.

24. This type of "mistake" had been done many times by others in Plaintiff's group - but they were not reprimanded or fired.

25. One other reason that Mr. Odom gave Plaintiff for his termination was that he did not help a co-worker named Costa, which was baseless. Plaintiff offered help to Costa and even told him to assign the ticket to Plaintiff so he could resolve it. Costa refused Plaintiff's help and then went to Josh accusing that Plaintiff did not help him. Josh never asked Plaintiff about his side of story.

26. Mr. Odom routinely made racist comments to Plaintiff stating that "Islam is a fake religion - it is simply a copy of other religions"

**FIRST CAUSE OF ACTION**
**DISCRIMINATION BASED ON RACE/NATIONAL ORIGIN IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.**
**[Against Defendant A&M]**

27. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-26 as though fully set forth herein.

28. At all times herein mentioned, Defendant A&M, qualified as an "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et seq., or

"FEHA"), in that they regularly employed five or more workers.

29. At all times herein mentioned, FEHA was in full force and effect and was binding upon Defendant A&M. FEHA requires employers, such as Defendant A&M to refrain from discrimination against, and harassment of, an employee on the basis of race and/or national origin, among other classifications. Within the time provided by law, Plaintiff made a complaint to the California Department of Fair Employment and Housing ("DFEH") and has received his Notice of Right to Sue.

30. Plaintiff is Pakistani. At all times during Plaintiff's tenure with Defendant, Plaintiff was protected by California State law from discrimination, harassment, or termination based solely on, or motivated, by his race and/or national origin.

31. At all times during Plaintiff's tenure with Defendant, Plaintiff performed his duties in an excellent manner.

32. Defendant discriminated against Plaintiff on the basis of his race and/or national origin, as described above and incorporated herein by reference.

33. Defendant's conduct was extreme and outrageous and has caused Plaintiff injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

34. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

**SECOND CAUSE OF ACTION**
**DISCRIMINATION BASED ON RELIGION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.**

**[Against Defendant A&M]**

35. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-34 as though fully set forth herein.

36. At all times herein mentioned, Defendant A&M, qualified as an "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et seq., or "FEHA"), in that they regularly employed five or more workers.

37. At all times herein mentioned, FEHA was in full force and effect and was binding upon Defendant A&M. FEHA requires employers, such as Defendant A&M to refrain from discrimination against, and harassment of, an employee on the basis of religion, among other classifications. Within the time provided by law, Plaintiff made a complaint to the California Department of Fair Employment and Housing ("DFEH") and has received his Notice of Right to Sue.

38. Plaintiff is Pakistani and his religion is Muslim. At all times during Plaintiff's tenure with Defendant, Plaintiff was protected by California State law from discrimination, harassment, or termination based solely on, or motivated, by his religion.

39. At all times during Plaintiff's tenure with Defendant, Plaintiff performed his duties in an excellent manner.

40. Defendant discriminated against Plaintiff on the basis of his religion, as described above and incorporated herein by reference.

41. Defendant's conduct was extreme and outrageous and has caused Plaintiff injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

42. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage

Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION
### HARASSMENT BASED ON RACE/NATIONAL ORIGIN IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.
### [Against Defendant A&M]

43. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-42 as though fully set forth herein.

44. At all times herein mentioned, Defendant A&M, qualified as an "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et seq., or "FEHA"), in that they regularly employed five or more workers.

45. At all times herein mentioned, FEHA was in full force and effect and was binding upon Defendant A&M. FEHA requires employers, such as Defendant A&M to refrain from discrimination against, and harassment of, an employee on the basis of race and/or national origin, among other classifications. Within the time provided by law, Plaintiff made a complaint to the California Department of Fair Employment and Housing ("DFEH") and has received his Notice of Right to Sue.

46. Plaintiff is Pakistani. At all times during Plaintiff's tenure with Defendant, Plaintiff was protected by California State law from discrimination, harassment, or termination based solely on, or motivated, by his race and/or national origin.

47. At all times during Plaintiff's tenure with Defendant, Plaintiff performed his duties in an excellent manner.

48. Defendant harassed against Plaintiff on the basis of his race and/or national origin, as described above and incorporated herein by reference.

49. Defendant's conduct was extreme and outrageous and has caused Plaintiff injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

50. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

**FOURTH CAUSE OF ACTION**
**HARASSMENT BASED ON RELIGION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.**
**[Against Defendant A&M]**

51. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-50 as though fully set forth herein.

52. At all times herein mentioned, Defendant A&M, qualified as an "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et seq., or "FEHA"), in that they regularly employed five or more workers.

53. At all times herein mentioned, FEHA was in full force and effect and was binding upon Defendant A&M. FEHA requires employers, such as Defendant A&M to refrain from discrimination against, and harassment of, an employee on the basis of religion, among other classifications. Within the time provided by law, Plaintiff made a complaint to the California Department of Fair Employment and Housing ("DFEH") and has received his Notice of Right to Sue.

54. Plaintiff is Pakistani and his religion is Muslim. At all times during Plaintiff's tenure with Defendant, Plaintiff was protected by California State law from discrimination, harassment, or termination based solely on, or motivated, by his religion.

55. At all times during Plaintiff's tenure with Defendant, Plaintiff performed his duties in an excellent manner.

56. Defendant harassed against Plaintiff on the basis of his religion, as described above and

incorporated herein by reference.

57. Defendant's conduct was extreme and outrageous and has caused Plaintiff injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

58. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

**FIFTH CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**[Against Defendant A&M]**

59. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-58 as though fully set forth herein.

60. At all times relevant herein, Plaintiff was employed by Defendant A&M.

61. At all times mentioned, the public policy of the State of California, as codified in FEHA is to prohibit employers from retaliating against employees who complains about activities or conduct that would result in a violation of state or federal statues, or a violation or noncompliance with state or federal rule or regulation. This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large.

62. As a direct, legal, and proximate result of Plaintiff's complaints and refusal to participate in illegal conduct, and other violations of the state and federal statutes and regulations, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

63. Accordingly, the actions of Defendant, as described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth FEHA.

64. Defendant's conduct was extreme and outrageous and has caused Plaintiff injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

65. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees or agents acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SIXTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF GOVERNMENT CODE §12940, ET SEQ.
### [Against Defendant A&M]

66. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 65 as though fully set forth herein.

67. At all times relevant herein, Plaintiff was employed by Defendant until his termination on or about April 9, 2021.

68. The FEHA makes it unlawful for any employer to discriminate or otherwise adversely treat its employees because they opposed a practice in violation of FEHA. Plaintiff complained to Plaintiff's managers and HR about the discriminatory and harassing conduct Plaintiff experienced based on Plaintiff's race and religion. In retaliation for his complaints, Defendant terminated Plaintiff from his employment.

69. Plaintiff is informed and believes, and thereon alleges, that Defendant terminated Plaintiff

without justifiable cause and/or without a reasonable business interest in terminating Plaintiff's position and subjecting Plaintiff to adverse employment actions.

70. Plaintiff is informed and believes, and thereon alleges, that Defendant's acts and/or failure to act, was in retaliation for Plaintiff's opposition of unlawful discrimination and harassment Plaintiff endured while employed by Defendant.

71. As a direct and proximate result of Defendant's acts and/or failure to act, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff makes the following demand:

(a) That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

(b) For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial;

(c) For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants, and each of them, from further engaging in the conduct described herein;

(d) For back pay and other benefits Plaintiff would have been afforded but-for Defendants', and each of their unlawful conduct;

(e) For statutory penalties as allowed by law;

(f) For costs and expenses of this litigation;

(g) For reasonable attorneys' fees where appropriate;

(h) For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded;

(i) For all such other relief as this Court deems just and appropriate.

Dated: January 12, 2021   Law Offices of Daniel Feder

              /s/ Daniel Feder
              DANIEL FEDER
              Attorneys for Plaintiff
              IHSAN AZIZ

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: January 12, 2021   Law Offices of Daniel Feder

              /s/ Daniel Feder
              DANIEL FEDER
              Attorneys for Plaintiff
              IHSAN AZIZ

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104